UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Crim. No. 23-236 (JWB/ECW) |
| Plaintiff, | |
| v. | ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Albert James Williams, | |
| Defendant. | |

---

Mary Riverso, Esq., United States Attorney's Office, counsel for Plaintiff.

Dane DeKrey, Esq., Ringstrom DeKrey PLLP, counsel for Defendant.

---

Defendant Albert James Williams objects to the October 28, 2024 Report and Recommendation ("R&R") issued by United States Magistrate Judge Elizabeth Cowan Wright. (Doc. Nos. 68, 69.) The R&R recommends denying Williams's Motion to Suppress two search warrants. (Doc. No. 38.) For the reasons below, Williams's objections are overruled, and the R&R is accepted in part.

## BACKGROUND

The background facts are drawn from the R&R, which found that a warrant issued on February 1, 2023, authorized law enforcement to perform a canine drug sniff search of the entry to a Brooklyn Park residence owned by "K.L." (the "Dog Sniff Warrant"). Based in part on the results of the sniff search, a second warrant was issued on February 6, 2023, authorizing a search inside the residence (the "Interior Warrant"). The results of

these searches ultimately led to Williams's drug and gun crime charges.

The Dog Sniff Warrant application tied Williams to K.L.'s residence in part through a confidential informant's statement that Williams lived with his wife, K.L. This statement is the focal point of Williams's suppression motion. The same officer applied for both warrants. But the Interior Warrant application left out the "lives with his wife" sentence, which Williams saw as a sign that the officer knew it to be false when he applied for the Dog Sniff Warrant. He moved to strike the sentence under *Franks v. Delaware*, 438 U.S. 154 (1978) and argued that without it, the Dog Sniff Warrant application lacked a sufficient nexus between his alleged crimes and R.L.'s residence.

The Magistrate Judge denied *Franks* relief and upheld the Dog Sniff Warrant. The Magistrate Judge also rejected Williams's challenge to the informant's reliability and found his staleness arguments were irrelevant because the deputy who executed the canine search reasonably relied on the Dog Sniff Warrant in good faith. Williams now objects to a portion of the R&R's *Franks* analysis and the good faith ruling.

## DISCUSSION

District courts review de novo the portions of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A district judge may accept, reject, or modify all or part of the findings or recommendations. *See id*. The portions of an R&R to which no specific objection is made are reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

### A.     Probable cause for the Dog Sniff Warrant

As explained in the R&R, Williams's suppression motion was intertwined with his

request for *Franks* relief. (*See* Doc. No. 68 at 14 n.1.) Obtaining a *Franks* hearing requires that the defendant show both (1) the affiant knowingly and intentionally made false statements or made them in reckless disregard for the truth, and (2) with the false information removed, the affidavit no longer establishes probable cause. *See United States v. Daigle*, 947 F.3d 1076, 1083 (8th Cir. 2020). This "substantial preliminary showing" is not made lightly. *See id.* Unless the defendant makes a "strong initial showing" of deliberate falsehood or reckless disregard of the truth, a *Franks* hearing must be denied. *See United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010).

The Magistrate Judge found Williams did not satisfy either prong of the *Franks* standard. As to the first prong, Williams lacked evidence to show a knowing or reckless falsehood with respect to the statement that he lives with his wife. (Doc. No. 68 at 16–18.) As to the second, probable cause supported the Dog Sniff Warrant even without the challenged statement. (*See id.* at 18.) Those findings provided separate bases for denying Williams's *Franks* request and with it, his suppression motion. (*See id.* at 24 (describing the probable cause finding as "a second, independent reason" to deny a *Franks* hearing).

Williams objects only to the R&R's finding on the second *Franks* prong. But he must satisfy both prongs to obtain *Franks* relief, and the first prong is not specifically contested in his objection to the R&R. A review of the first prong reveals no clear error.

To establish the knowing or reckless *Franks* prong, Williams highlighted that the sentence stating he lives with his wife was left out of the Interior Warrant application. Williams argued that the applying officer intentionally omitted the statement because he knew it was false. But as the R&R explains, such speculation does not satisfy the heavy

3

*Franks* burden. *See United States v. Turner*, 953 F.3d 1017, 1021–22 (8th Cir. 2020) (finding defendant's speculative theory that missing dates from the warrant affidavit were a sign of officer malfeasance did not suffice to compel a *Franks* hearing). Williams also supplied affidavits from K.L. declaring that she is his long-term, on-and-off "significant other." But those are not proof that the officer who applied for the warrants knew K.L. was not Williams's wife or that Williams did not live with her in Brooklyn Park.

Because there is no clear error in finding Williams failed to satisfy the first *Franks* prong, that portion of the R&R is accepted and provides an independent basis to deny Williams's suppression motion. As a result, Williams's objection to the second *Franks* prong is irrelevant and need not be considered. *See United States v. Searcy*, 181 F.3d 975, 980 (8th Cir. 1999) (declining to discuss second prong when the defendant failed to establish the first). Therefore, Williams's objection is overruled.

### B.   Good-faith exception

Williams next objects to the R&R's determination that, despite concerns that the Dog Sniff Warrant application relied on stale information, the good-faith exception applies. Under the good-faith exception, if evidence is seized pursuant to a search warrant that lacked probable cause, the evidence is admissible if the executing officer's good-faith reliance on the warrant was objectively reasonable. *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008) (citing *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007)). There are four circumstances where the good-faith exception will not apply:

> (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the issuing judge

4

> "wholly abandoned his judicial role" in issuing the warrant; (3) when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) when the warrant is "so facially deficient" that no police could reasonably presume the warrant to be valid.

*Proell*, 485 F.3d at 431 (quoting *United States v. Leon*, 468 U.S. 897, 923 (1984)).

Williams briefly argues that the good-faith exception should not apply because it did not apply in *United States v. Kennedy*, 427 F.3d 1136 (8th Cir. 2005). But *Kennedy* does not analyze the good-faith exception at all and is distinguishable on its facts.

*Kennedy* involved a warrantless search for drugs and money in a vehicle. Here, law enforcement applied for and obtained warrants to search a residence for drugs and guns. Staleness depends on the nature of the crime being investigated and the property to be searched. *See United States v. Davis*, 867 F.3d 1021, 1028 (8th Cir. 2017). Compared to looking for drugs and money in a mobile vehicle, the staleness risks are lower when the underlying crimes involve gun possession and the search target is a fixed building. *See United States v. Stevens*, 439 F.3d 983, 988 (8th Cir. 2006) (finding probable cause because the record included information indicating an ongoing narcotics operation and because "the place to be searched was a residence, rather than an automobile, as in *Kennedy*"); *Kennedy*, 427 F.3d at 1142 n.5 (acknowledging that information about gun possession crimes can remain fresh for years).

The good-faith exception focuses on whether a reasonably well-trained officer would have believed the search was lawful based on the totality of the circumstances. *See Proell*, 485 F.3d at 430–31. Here, although the Dog Sniff Warrant application lacked specific dates, it provided enough detail about the ongoing investigation and the

5

connection between Williams and the residence to justify reasonable reliance. The deputy who executed the canine search—who was not involved in applying for the warrant—reasonably relied on the Dog Sniff Warrant's validity, especially given its judicial approval. And Williams has not shown that any of the circumstances precluding the good-faith exception are present. Therefore, Williams's objection is overruled.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case,

**IT IS HEREBY ORDERED** that:

1. Defendant's Objections to the Report and Recommendation (Doc. No. 69) are **OVERRULED** as set forth above;

2. The October 28, 2024 Report and Recommendation (Doc. No. 68) is **ACCEPTED IN PART** as set forth above; and

3. Defendant's Motion to Suppress (Doc. No. 38) is **DENIED**.

Date: December 6, 2024

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge